[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON OBJECTION TO REQUEST TO REVISE
The parties are in agreement that the claim of lack of qualification cannot rest as the sole basis for recovery. It is clear, however, that once evidence of some wrongful act or omission has been established, evidence of the defendant's incompetence or lack of experience is both relevant and probative.
The flaw in these pleadings is the absence of necessary allegations that
(1) Dr. Graydon was an agent, servant or employee of the hospital; or
(2) That the hospital through its agents, servants or employees knew that Dr. Graydon was unqualified to perform the disputed surgical procedure;
and
(3) That the hospital owed a duty of care to the plaintiff that surgeons using the hospital's facilities in the performance of surgical procedure are qualified and competent to perform such procedures.
For the reasons cited above,
1) The objection to Request to Revise #3 is overruled.
2) The objection to Request to Revise #4 is overruled.
3) The objection to Request to Revise #5 is overruled. CT Page 10588
The use of "uncertified" appears inappropriate, vague and misdirected. These pleadings further lack the essential allegation of knowledge.
4) The objection to Request to Revise #6 is overruled.
The pleadings require an allegation of duty to the plaintiff.
5) The objection to Request to Revise #7 is sustained.
Additional information on this allegation can be secured by the defendant through discovery.
It was represented at argument that objection #4 was withdrawn; and that the parties were in agreement as to objections #'s 8, 9, 10 and 11.
SO ORDERED:
Spada, J.